In the Matter of the Claim of FRED MARQUARDT, Respondent, against THE BRASS GOODS MANUFACTURING COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award in favor of claimant. The Board has found that while claimant was on a ladder putting up a metal ceiling he slipped off said ladder and fell backward, causing him to sustain injuries in the nature of an anterior dislocation of the fourth lumbar vertebrae for a distance of about one-fourth of an inch. A previous award for such injury was made covering the period from December 29, 1931, to August 30, 1932, which on appeal was affirmed by this court on May 24, 1934. [241 App. Div. 899.] Subsequent hearings were held to determine the extent of disability, after August 30, 1932, after which the present award was made. The appellants claim that on the subsequent hearings it was developed that claimant's condition was congenital and not the result of the accident. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of HELEN SABAN, Respondent and Cross-Appellant, against WALSH CONSTRUCTION COMPANY and Another, Appellants and Cross-Respondents. STATE INDUSTRIAL BOARD, Respondent.— Appeal from award in favor of claimant. On May 20, 1932, deceased employee was injured and died from an accident while he was working as a steam shovel pitman. He left claimant, his mother, an alien residing in Yugoslavia. An award has been made to her as a dependent. Deceased was a minor and during the year immediately preceding his death he sent her several remittances amounting to $130 together with two silk dresses worth about $25. His brother had also contributed that year about $60 to his mother's support. In her affidavit she says that she was wholly dependent upon these contributions. The appellants dispute the evidence as to dependency and question the sufficiency of the authentication of the documents executed in Yugoslavia and say that the average weekly wage of $21.54 fixed by the Board, is erroneous and that the award of $5.385 weekly to the mother is erroneous. The employer's report states that deceased's average earnings per day were $3.60 and per week $25.20. There was evidence that another steam shovel pitman earned $3.95 per day, and $1,119.90 per year. The Board took into account the fact of deceased's minority and the probability that under normal conditions his wages would be expected to increase. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.